Fisher & Associates
Suite 101 De La Corte Building
167 East Marine Corps Drive
Hagåtña, Guam 96910
Phone (671) 472-1131. Fax (671) 472-2886

Law Office of Rachel Taimanao-Ayuyu
167 East Marine Corps Drive
Hagatna, Guam 96910
Tel. 671.989.0559  Fax. 671.472.2886
Email: office@guamcounsel.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| THOMAS PEINHOPF | Case No. 20-00029 |
| Plaintiff | **AMENDED COMPLAINT PURSUANT TO 42 USC §1983** |
| vs. | |
| LOURDES LEON GUERRERO In her official capacity as Governor of Guam and in her personal capacity | |
| | **CLASS ACTION** |
| ARTHUR SAN AGUSTIN In his official capacity of Director of DPHSS and in his personal capacity | |
| Defendants | |

### *** COMPLAINT ***

This is a Complaint for injunctive and declaratory relief as well as return of value taken from Plaintiff and a class of similarly situated individuals or entities.  This

Complaint is brought by Plaintiff on behalf of himself and all other members of a class defined in this Complaint and all others similarly situated.

## INTRODUCTION

1. Plaintiff Peinhopf is a resident of Guam and a member of the general public affected by Orders entered by the Defendants, as detailed herein.

2. In March through August of 2020, Governor Lourdes Leon Guerrero entered Orders in response to the novel coronavirus outbreak ("COVID-19") pandemic, purportedly to protect Guam's public health, safety, and welfare.

3. The Governor claimed powers to enact such Orders as set forth under certain Guam statutes.

4. These orders have deprived Plaintiff of certain rights guaranteed by the United States Constitution as detailed herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this case under 28 U.S.C. §§ 1331 and 1343(a)(3)(4), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

6. Venue is proper under 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Thomas Peinhopf is an adult individual doing business as Livehouse Inc., and Livehouse Inc., dba The Shady Lady with an address of 301 Villa San Vitores, Happy Landing Rd., Tumon, Guam, 96912.

8. Defendant Governor Lourdes Leon Guerrero, named in her official capacity ("Defendant Leon Guerrero" or "Governor"), is the Governor of the Territory of

Guam and is generally charged with enforcing the laws of Guam. Lourdes Leon Guerrero, named in her individual capacity, is a resident of Guam.

9. Defendant Arthur San Augustin, named in his official capacity ("Defendant San Augustin" or "Director"), is the Director of the Guam Department of Public Health and Social Services and is generally charged with enforcing the laws regarding the public health of the Territory and its residents, including the COVID-19 Executive Orders at issue in this case. Defendant Arthur San Augustin, named in his individual capacity, is a resident of Guam.

10. The class Plaintiff represents consists of,

> all individuals or entities that have a possessory, ownership, or beneficial interest in any business or commercial entity on Guam that is or was deemed non-essential by the Government of Guam, forbidden to undertake that business through order or guidance and thereby completely deprived of all economically beneficial use of her or his property.

11. The class Plaintiff represents is so numerous as to make joinder of each member of the class impracticable.

12. There is a well-defined community of interest in the questions of law and fact affecting the class Plaintiff seeks to represent. The class members' claims against Defendants involve questions of common or general interest in that each and all of them are prevented from operating their business pursuant to a Government of Guam order and thereby deprived of all economically beneficial use of her or his property. These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

13. Plaintiff will fairly and adequately represent the interests of the class because Plaintiff is a member of the class, and his claims are typical of those in the class.

**FACTS**

14. On March 14, 2020, Defendant Leon Guerrero issued Executive Order 2020-03 declaring a state of emergency as a result of the presence of a virus on Guam (Covid-19). *See Exhibit A attached hereto*.

15. On April 08, 2020, Defendant Leon Guerrero issued Executive Order 2020-05 which prohibited any place of business or public accommodation from on-site operations. ("Business Shutdown Order" and collectively "Business Shutdown Orders"). A copy of the Business Shutdown Order is attached hereto as *Exhibit B*.

16. On May 08, 2020, Defendant Leon Guerrero issued Executive Order 2020-14 which allowed operation of certain specific businesses pursuant to a Department of Public Health guideline. The Executive Order is attached hereto as *Exhibit C* and the Department of Public Health guidance memo is attached as *Exhibit D* and a supplement to that memo as *Exhibit E*.

17. On July 19, 2020, Defendant Leon Guerrero issued Executive Order 2020-24. This Executive Order modified the business shutdown and allowed for all business activities except those which were prohibited under Guam Department of Public Health and Social Services guidance. *See Exhibit F.* On August 7, 2020, Defendant Leon Guerrero issued Executive Order 2020-26 which closed bars and taverns. *See Exhibit G*.

18. Then, as a consequence of spreading contagion, on August 14, 2020, Defendant Leon Guerrero issued Executive Order 2020-27 which again closed all

businesses except those listed in applicable Department of Public Health and Social Services guidance. *See Exhibit H*.

19. The Defendants Leon Guerrero and San Augustin have all issued orders which are in their possession or have been posted to the websites of the Governor's Office all of which said orders are in the possession of said Defendants and have been widely circulated and are incorporated herein by reference thereto insofar as they are relevant to the facts set forth in this Complaint.

20. Defendant Leon Guerrero purported to rely upon several different sources, all contained in the Executive Order, in an effort to justify the action that she took in ordering the shutdown.

21. The Business Shutdown Orders decree an ability to control the movement of residents of Guam, and to order that citizens of the Territory not utilize their private property, without providing the citizens prior notice nor an opportunity to be heard, and without providing just compensation.

22. The Business Shutdown Orders also purport to delegate to Defendant San Augustin the authority "to enforce this Order and if necessary, may do so with the assistance of the Guam Police Department." *Exbibit B at p. 2 paragraph 4*.

23. The Business Shutdown Order prohibited businesses that Defendant Leon Guerrero determined were not "essential" from operation in their normal manner at their physical locations.

24. A business operating out of compliance with the Business Shutdown Order is subject to penalties and possible police action.

25. The Business Shutdown Orders did not provide for compensation to the affected business owners as a result of the Governor's Business Shutdown Orders.

26. The Business Shutdown Orders did not provide for prior notice and an opportunity to be heard relative to the mandated shutdown.

27. Plaintiff Peinhopf has a license to operate a bar or tavern and a leasehold interest in property located in the village of Tumon. That leasehold permits Mr. Peinhopf to operate a bar or tavern in Guam at that location and no other type of business. The Business Shutdown Orders issued by Governor Leon Guerrero, under the color of territorial law, restricts Peinhopf's right to operate his business. For example, he may not allow patrons into his establishment. He may not serve beverages to patrons within his establishment. As a consequence, he may not collect revenue from operating his business nor may he operate any different sort of business.

28. Defendants Leon Guerrero and San Augustin continue to prohibit the Plaintiff from operating his business while permitting other businesses to operate, e.g. Horse & Cow, Applebee's, Home Depot, Payless Supermarkets, medical clinics, and law offices.

29. The Business Shutdown Orders issued by Defendants Leon Guerrero and San Augustin have been issued pursuant to their alleged authority as Governor and Director of Public Health under 10 Guam Code Ann., Chapter 19 and under alleged color of law and all of said Orders are enforced by the exercise of police powers by the Governor and the Director through the Guam police and other agents of the Territory.

30. Plaintiff has invested a tremendous amount of financial resources, time and effort into all aspects of his business, including, but not limited to, the purchase or lease of equipment, inventory and physical business facilities, advertising, training and hiring of employees and, customer development, as well as other expenses

such as rent or mortgage payments. As a result of the Business Shutdown Orders he lost all investment in the business and is unable to otherwise reap any economic benefit from his business.

31. Defendants Leon Guerrero and San Augustin, have expressed an intention to deprive Plaintiff of all economic benefits and use of his property while permitting other businesses to operate.

32. Defendants' orders have so deprived Plaintiff of the economic benefits and use of his property that the resulting financial impact has adversely impacted his business and unless immediately rescinded, threaten the future viability and sustainability of the business.

33. There is no reasonable or substantial basis between Defendants' Orders permitting one business to operate while prohibiting another business from operating when both businesses are capable of implementing the same safety precautions, policies, and procedures.

34. Plaintiff should not be forced to endure the destruction of his business while he is obligated to prove that Defendant Leon Guerrero and Defendant San Augustine have taken these Plaintiffs' private property without the payment of just compensation in violation of the Fifth Amendment of the Constitution of the United States.

35. Defendants have taken Plaintiff's private property without due process of law.

## COUNT I
## VIOLATION OF THE TAKINGS CLAUSE - 42 U.S.C. § 1983

36. All preceding paragraphs are incorporated herein.

7

37. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." *U.S. Const. Amend. V.*

38. The Takings Clause generally bars the government from forcing some members of the public to bear burdens that should be borne by the public as a whole.

39. Guam, through the Governor's Business Shutdown Order, took property from members of the public, from the Plaintiff herein, and deprived him and them of all economically beneficial use of his property without just compensation.

40. The taking occasioned by the Business Shutdown Order worked to prohibit any use of Plaintiff's property and therefore, completely deprived him of all economically beneficial use of his property. As a result, Defendants have taken from Plaintiff an amount of no less than $200,000.00 (USD).

41. The taking in this case is so onerous as to work a direct appropriation of the property.

42. Property and business owners who were forced to close their businesses suffered a taking and were, therefore, obligated to bear the cost of government action without just compensation.

43. The Business Shutdown Orders worked to deprive numerous residents, including the Plaintiff herein, of their property interests.

44. The Business Shutdown Order are illegal, unconstitutional, and void in that it purports to authorize defendant to take Plaintiffs' property without adequate compensation being made and against their consent, contrary to the Fifth Amendment of the Constitution of the United States.

# COUNT II
# SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983

45. All previous paragraphs are incorporated herein.

46. The Due Process Clause of the Fourteenth Amendment guarantees that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law."

47. Plaintiffs have the right to pursue lawful employment and livelihood as they shall determine and conduct lawful business as they shall determine and be free of governmental interference.

48. The Plaintiff possesses a protectible property interest in his license for the legal activities of operating a bar. The Plaintiff possesses a protectible property interest in his lease for the sole operation of a bar. Plaintiff's business assets, including equipment, furniture, inventory and machinery, are used for the operation of a bar.

49. The Plaintiff has a protectible property interest in earning profits from his bar businesses.

50. Without evidence that bar businesses were the origins of COVID-19 cases on Guam, the Defendants issued orders which categorically called for closure of the Plaintiff's businesses.

51. The Defendants' classification of what businesses are essential and may remain open is arbitrary and capricious.

52. The Business Shutdown Orders issued by Defendants constitute arbitrary, capricious, irrational, and abusive conduct that interferes with Plaintiff's liberty and property interests protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

53. Defendants' actions constitute official policy, custom and practice of the Territory of Guam. Defendants' actions shock the conscience of the citizens of this Territory and of the Court.

54. All fundamental rights comprised within the term liberty, including, but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, to worship God according to the dictates of one's own conscience, and to generally enjoy the privileges long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

55. The shutdown is causing citizens of Guam to lose their jobs, their livelihoods, and their reputations in their communities.

## COUNT III
## PROCEDURAL DUE PROCESS - 42 U.S.C. § 1983

56. All previous paragraphs are incorporated herein.

57. The Plaintiff has a right to operate his bar under a valid business license. A business license for the operation of a bar is a property interest for purposes of procedural due process. Once a business license is issued, it becomes essential in the pursuit of a livelihood.

58. The Plaintiff possesses a protectible property interest in the use of the business assets for the purpose of operating a bar.

59. The Plaintiff possesses a protectible property interest in earning profits from his businesses.

60. None of the following due process protections have been afforded to Plaintiff as required by the United States Constitution: a. the determinations of non-essentialness are written and do not permit evaluation by a neutral arbitrator;

b. the determinations of non-essentialness do not provide for an opportunity to be heard; c. the determinations of non-essentialness do not offer an opportunity to present witnesses; d. the determinations of non-essentialness do not permit an opportunity to cross examine witnesses; e. the determinations of non-essentialness do not provide for a reasoned decision; and, f. the determination of non-essentialness do not provide for an opportunity for an appeal.

61. The Business Shutdown Order provided by Defendants do not provide due process protections set forth herein.

62. The Business Shutdown Order deprive Plaintiffs of fundamental property rights without due process of law, based solely upon discretion of Defendants, which discretion is not subject to appeal rights.

## COUNT IV
## VIOLATION OF EQUAL PROTECTION - 42 U.S.C. § 1983

63. All previous paragraphs are incorporated herein.

64. The Equal Protection Clause requires governments to act in a rational and non-arbitrary fashion.

65. Defendants' actions in classifying businesses into "essential" and "non-essential" are arbitrary and irrational given that there has never been such a classification of business activity and the Defendants' attempts to classify such categories is nothing more than *ipse dixit*.

66. Defendants' actions are therefore a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

67. The imposition of restrictions on some businesses and not others is not rational and is an arbitrary exercise of Defendant Leon Guerrero's executive power.

68. Businesses such as restaurants, which are like Plaintiff's businesses in that they operate bars within their establishments, were classified as essential under the Defendants' orders and allowed to remain open.

69. Businesses such as funeral homes, which are like Plaintiff's businesses in that people would possibly gather, were allowed to remain open.

70. Defendants required businesses to submit COVID-19 operational plans to the Department of Public Health and Social Services for the government's review and approval for operations. The Plaintiff, along with other bar owners, provided DPHSS with their COVID-19 plans for opening. Upon information and belief, these plans were similar to plans submitted by other businesses such as restaurants for social distancing, sanitization and contact tracing abilities.

71. Without justification, Defendants ordered the closure of Plaintiff's businesses while places like Horse & Cow which operate primarily as bars were allowed to remain open.

72. Defendants' decisions and Orders impede Plaintiff's fundamental rights to use his private property without the government imposing arbitrary or irrational restrictions on the use of the property.

73. Defendants' actions will cause Plaintiff to be completely deprived of the use and control of his private property while other businesses will be authorized to operate.

74. As such, Defendants' intention to not ease the Business Shutdown Orders will continue to cause harm to Plaintiff as he will be prohibited from operating his business pursuant to the Orders.

# REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in his favor, against Defendants jointly and severally, and seeks relief as follows:

(1) a declaratory judgment that issuance and enforcement of the Business Shutdown Orders is unconstitutional for the reasons stated herein, and that the actions of the Defendants are unlawful and unconstitutional;

(2) a permanent injunction to prohibit Defendants from enforcing the Business Shutdown Order in the manner and fashion engaged by Defendants;

(3) a declaration that the rights of the Plaintiff and the citizens of the Territory have been violated by the various actions of the Defendants and the said Defendants are enjoined from engaging in such violations and declaring them to be null and void ab initio;

(4) compensation to Plaintiff and all those similarly situated for the unlawful taking visited upon them and according to proof;

(5) award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1983 and 1988; and,

(6) such other relief as this Court deems appropriate.

_____/s/_____  
Thomas J. Fisher  
Attorney for Plaintiff

_____/s/_____  
Rachel Taimanao-Ayuyu  
Attorney for Plaintiff

13

*** VERIFICATION ***

I, Thomas Pleinhopf, am the Plaintiff herein. I swear or affirm under penalty of perjury of the laws of Guam and the United States that the representations made herein are true or, where stated upon belief, that I believe them to be true.

_____
Thomas Pleinhopf

14